Filed 9/18/20  Alcaraz v. Fede CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JESSICA ALCARAZ, | |
| Plaintiff and Respondent, | E072626 |
| v. | (Super.Ct.No. PSC1901095) |
| CHRIS FEDE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mickie E. Reed, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Chris Fede, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Chris Fede appeals from the trial court's granting of a three-year civil harassment restraining order against him.  (Code Civ. Proc., § 527.6; unlabeled statutory references are to this code.)  We affirm the order.

BACKGROUND

Viewed in the light most favorable to the judgment, the evidence in the appellate record shows the following facts:  Fede lives next door to a married couple, Jessica and Jennifer Alcaraz.[1]  In February 2019, Jessica filed a request for a civil harassment restraining order against Fede, seeking protection for herself and her wife.  Jessica alleged that she and her wife were "afraid for [their] lives and [did] not feel safe nor comfortable in [their] own home" based on "always being watched and harassed every time" they arrived home.  She alleged that the harassment had begun the previous month when a dispute arose between the neighbors over fallen leaves.  She claimed that Fede accused Jessica of blowing leaves onto his property, and he later retaliated by blowing leaves onto her property.  In addition, Jessica alleged that Fede engaged in other harassing activities, such as charging her car, cursing at her, waiting for her to arrive at home, and staring at her and her house.  In support of the request, Jessica attached numerous date- and time-stamped photos from video recording devices on the Alcarazes' property, and Jennifer filed a supporting declaration.  Jennifer corroborated Jessica's account.

Fede responded, denied all of the allegations, explained in detail the reasons why he did "not agree to the orders requested," and claimed that Jessica had been the provocateur who harassed him.  In addition, in the section of the response form entitled

_____

[1]    When referring to the Alcarazes individually, we use their first names because of their shared last name.  No disrespect is intended.

"Personal Conduct Orders," Fede checked the box stating, "I agree to the orders requested." (Boldface omitted.) In the next section of the form, entitled "Stay-Away Orders," Fede checked the box providing, "I do not agree to the orders requested." (Boldface omitted.) He further explained: "10 yards away doesn't make sense since our mobile homes are barely that far away from each other. I ask for 4 yards."

Both Jessica and Fede appeared at the hearing and testified. At the start of the hearing, the trial judge said to Fede: "Sir, I read your response. You basically said you agree to stay away from her, but you want a four-yard restriction because you live closer than that and you indicate they're harassing you." The trial court reviewed several videos submitted by Jessica. After hearing from both parties, the trial court granted a three-year restraining order to protect both Jessica and Jennifer. The stay away restriction requires Fede to stay four yards away from both women, their home, Jessica's vehicle, Jessica's workplace, and Jessica's school. The order expires on February 26, 2022.

## DISCUSSION[2]

Fede contends that the trial court erred by granting the civil harassment restraining order against him under section 527.6.[3] He challenges Jessica's credibility and the

---

[2] We deny Fede's request for us to take judicial notice of evidence that was not submitted to the trial court. (*Von's Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) We also deny his request for us to judicially notice video recordings reviewed by the trial court because Fede failed to attach copies of those exhibits to his request for judicial notice.

[3] Fede also contends that the order fails to meet the criteria set forth in Civil Code section 1708.7. Civil Code section 1708.7 creates civil liability for the tort of stalking. (Civ. Code, § 1708.7, subd. (a).) That statutory provision is not applicable here.

3

sufficiency of the evidence supporting the order, and he claims that the trial court misinterpreted video recordings submitted by Jessica. He further complains that the trial court erroneously excluded his evidence. We reject all of Fede's contentions.

We review for substantial evidence the trial court's factual findings (express and implied) in granting a civil harassment restraining order. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.) "We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

We presume that the trial court's order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "All intendments and presumptions are indulged to support it on matters as to which the record is silent," and an appellant, even one representing himself, bears the burden of demonstrating error. (*Ibid.*; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 (*Nwosu*).) When challenging the sufficiency of the evidence, "the burden is on the party attacking the findings to set forth in his [or her] brief *all* of the evidence bearing upon the factual issues and not simply the evidence favorable to him [or her]." (*Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co.* (1977) 66 Cal.App.3d 101, 157; *Nwosu*, *supra*, at p. 1246.)

In his opening brief, Fede fails to set forth "'"*all* the material evidence"'" supporting the restraining order. (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.) The summary of facts contains 30 citations to the record, including citations to the clerk's

4

transcript and the reporter's transcript. Only four of those citations are to Jessica's request for the restraining order. None is to Jessica's testimony. Because of Fede's one-sided account of the facts, his opening brief does not even make clear the basis for Jessica's request for a restraining order. We are not obliged to independently search the record. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.) Similarly, in the section of the opening brief in which Fede argues that the criteria for a civil harassment restraining order were not met, he fails to detail all of the material evidence submitted in support of Jessica's request for the restraining order. For instance, for an incident alleged to have occurred on January 13, 2019, Fede cites his oral and documentary evidence only and fails to address any evidence from Jessica about the incident. In addition, nowhere in the brief does Fede cite or mention Jessica's testimony at the hearing, Jennifer's supporting declaration, or most of the evidence submitted in support of Jessica's request for a restraining order, which included 18 photographs. Because Fede has failed to carry his burden of setting forth all of the material evidence, we consider the challenge to the sufficiency of the evidence forfeited. (*Nwosu*, at p. 1246.)

Fede's other contentions also fail. He attacks Jessica's credibility and maintains that the trial court misinterpreted Jessica's video recordings for various reasons. Those arguments fail because they require us to reweigh the evidence, resolve conflicts in the evidence, and decide the credibility of witnesses—none of which is the role of an appellate court. (*Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1049.)

Finally, Fede claims that the trial court erroneously excluded evidence. This claim fails because Fede does not demonstrate how it is reasonably probable that the trial court would have reached a more favorable result for Fede absent the alleged error. (Evid. Code, § 354 [erroneous exclusion of evidence warrants reversal only if the effect of "the error or errors complained of resulted in a miscarriage of justice"]; *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853 ["A miscarriage of justice should be declared only when the reviewing court is convinced after an examination of the entire case, including the evidence, that it is reasonably probable a result more favorable to the appellant would have been reached absent the error"].) Fede makes a single conclusory assertion, without citing the record or legal authority, that "the [t]rial [c]ourt's discretion invited a miscarriage of justice." (Boldface omitted.) That is not sufficient to carry his burden of demonstrating that the trial court's alleged error was prejudicial. (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 ["conclus[ory] assertions are wholly inadequate to tender a basis for relief on appeal"].)

DISPOSITION

We affirm the civil harassment restraining order granted against Fede on February 27, 2019.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

CODRINGTON
   Acting P. J.
FIELDS
    J.

7